No. 4098

Second Circuit

(Second Division)

——

PORTER v. LAWRENCE

——

(February 16, 1932. Opinion and Decree.)

——

Lee & Williams, of Mansfield, attorneys for plaintiff, appellant.

Craig, Bolin & Magee, of Mansfield, attorneys for defendant, appellee.

DREW, J. This is a suit on an open account for fertilizer and other items alleged by plaintiff to have been sold to defendant in 1929, aggregating $202.40, less an ad-

mitted credit of $69.51, leaving a balance of $132.89. Plaintiff contends, as is shown by the itemized account attached to the petition, that he sold and delivered to defendant on June 15, 1929, fertilizer to the amount of $135, and on the same date fertilizer amounting to $52.50, and on the same date $14.90 is charged for ginning and baling three bales of cotton; and, without giving a date, the account shows a credit of $59.61, leaving a balance of $132.89.

Defendant contends that he did not buy or receive from plaintiff on June 15, 1929, the items of fertilizer amounting to $135. That about the last of April or the first part of May, 1929, he purchased fertilizer from plaintiff amounting to $135, on which bill he was given a discount of $5, and that on May 31, 1929, he paid said bill of $130 by check, which cancelled check he offered in evidence. Defendant admitted the other item of $52.50 for fertilizer purchased by him on or about June 15, 1929, for one of his tenants, and also the charges for ginning and baling three bales of cotton, in the amount of $14.90, in the fall of 1929, making a total amount due plaintiff of $67.40. Plaintiff admitted the credit of $69.51, therefore, defendant reconvened for the difference, $2.11.

It is clear from the testimony of plaintiff and the itemized account filed that he was not sure of his dates, and that the two bills of fertilizer charged to defendant were not purchased or delivered on the same date. Defendant and his witnesses, several in number, testified that the fertilizer purchased in May was used on the 7th and 8th of June, and that after that time defendant used no more fertilizer on his place, with the exception of 500 pounds he secured from his tenant, which was left from the $52.50 bill of fertilizer purchased on June 15th, and that it was used in fertilizing some beans; and that there was no occasion for defendant to purchase the $135 bill of fertilizer on June 15th, as is claimed by plaintiff.

It appears that both plaintiff and defendant are reliable citizens and had been good friends prior to this suit, their business dealings with one another were as friends and were conducted in a very loose manner. When plaintiff first spoke to defendant about the fertilizer account, he did not believe that defendant had paid anything for fertilizer bought during the year 1929, and would not be convinced until he was confronted with the cancelled check for $130, which showed on its face that it had been given for fertilizer. It is clear that plaintiff or defendant is mistaken and it appears to be an honest mistake, as neither accuses the other of any intentional wrong. The loose manner of doing business between the two no doubt accounts for the mistake. It was incumbent upon plaintiff to prove that he sold the $135 bill of fertilizer to defendant on June 15, 1929, which is denied by defendant. This is the only question in the case.

The lower court found that plaintiff had failed to prove the correctness of the item referred to and we find no error in that part of the lower court's judgment. The item charged as of June 15, 1929, is undoubtedly the item purchased in May, 1929, and paid for by check as of date May 31, 1929, as contended by defendant. It is admitted that the other items are paid for by the credit given to defendant by plaintiff. When this item is disallowed, there is a balance due defendant of $2.11, for which amount he has reconvened. Plaintiff appealed from the judgment of the lower court and defendant has answered the appeal. praying that the judg-

ment be amended by allowing him judgment in reconvention against plaintiff in that sum. The amendment as prayed for should be allowed.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by awarding judgment to defendant on his reconventional demand and against plaintiff in the sum of $2.11; and in all other respects that the judgment be affirmed; all costs to be paid by plaintiff.